# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRADY BYRUM | § | |
| | § | |
| v. | § | Case No. 4:11cv60 |
| | § | (Judge Schneider/Judge Mazzant) |
| CITY OF PLANO, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant James Forsythe's Amended Motion to Dismiss Under Federal Rules 4(m), 4(e)(1), 4(e)(2), 12(b)(4), 12(b)(5), 8(a), 8(e) and 12(b)(6), Alternative Motion to Dismiss Pursuant to Rule 9(b), Alternative Motion for More Definite Statement, Alternative Motion for Ruling that First Amended Complaint Fails to Relate Back to the Complaint Pursuant to Rule 15(c) (Dkt. #22). Having considered the relevant pleadings, the Court finds that the motion to dismiss should be granted.

Plaintiff Brady Byrum filed this action *pro se* against the City of Plano (the "City"), James Forsythe ("Forsythe"), and the State of Texas, alleging claims of conspiracy, breach of contract, breach of fiduciary duties, libel, slander, negligence, and various other claims under 42 U.S.C. §§ 1983, 1984, 1985, 1986, and other statutes and common law. Essentially, Plaintiff is claiming that he was falsely arrested and falsely charged with crimes.

On March 29, 2011, Defendant James Forsythe filed a motion to dismiss (Dkt. #18). On April 5, 2011, Plaintiff filed his motion for summary judgment (Dkt. #19). On April 11, 2011, Forsythe and the City filed responses to Plaintiff's motion for summary judgment (Dkt. #20, #21). On April 18, 2011, Forsythe filed an amended motion to dismiss (Dkt. #22). The Court previously denied Plaintiff's request for summary judgment (Dkt. #28, #39). The State of Texas has also been

dismissed (Dkt. #29, #40). Plaintiff did not file a response to the pending motion to dismiss. The Court ordered Plaintiff to file response on or before June 16, 2011. No response has been filed.

Defendant moves to dismiss pursuant to Rules 4(m), 4(e)(1) and 4(e)(2). Essentially, Defendant asserts that Plaintiff failed to obtain proper service within the 120 days mandated by the Rules. The Court agrees, and Defendant James Forsythe's Amended Motion to Dismiss should be granted.

Given the finding that service was not proper, this Court is now faced with whether dismissal is warranted. If a plaintiff has not effected proper service within 120 days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. FED. R. CIV. P. 4(m); *See, e.g., Grant-Brooks v. Nationscredit Home Equity Servs.*, No. 3:01-CV-2327, 2002 WL 424566, at *4-5 (N.D. Tex. March 15, 2002) (quashing service of process but denying motion to dismiss because 120-day time period to serve defendant had not expired). Here, more than 120 days have passed since the filing of Plaintiff's complaint, and service has apparently never been properly made.

Upon a showing of good cause for the failure of service, the Court must extend the time for service. FED. R. CIV. P. 4(m). Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.* In this case, Plaintiff is not engaged in pursuing this litigation. Plaintiff does not offer good cause.

# RECOMMENDATION

It is recommended that Defendant James Forsythe's Amended Motion to Dismiss Under Federal Rules 4(m), 4(e)(1), 4(e)(2), 12(b)(4), 12(b)(5), 8(a), 8(e) and 12(b)(6), Alternative Motion to Dismiss Pursuant to Rule 9(b), Alternative Motion for More Definite Statement, Alternative Motion for Ruling that First Amended Complaint Fails to Relate Back to the Complaint Pursuant to Rule 15(c) (Dkt. #22) should be GRANTED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 11th day of August, 2011.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE