# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN  DIVISION

| | | |
|---|---|---|
| BRADY BYRUM | § | |
| | § | |
| v. | § | Case No. 4:11cv60 |
| | § | (Judge Schneider/Judge Mazzant) |
| CITY OF PLANO, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is  Defendant City of Plano's Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #54).  The City of Plano moves to dismiss the case pursuant to Federal Rules of Civil Procedure 4(m), 4(j), 8(a), 8(e), 12(b)(4), 12(b)(5), and 12(b)(6).  Having considered the relevant pleadings, the Court finds that the motion to dismiss should be granted.

Plaintiff Brady Byrum filed this action *pro se* against the City of Plano (the "City"), James Forsythe ("Forsythe"), and the State of Texas, alleging claims of conspiracy, breach of contract, breach of fiduciary duties, libel, slander, negligence, and various other claims under 42 U.S.C. §§ 1983, 1984, 1985, 1986, and other statutes and common law.  Essentially, Plaintiff is claiming that he was falsely arrested and falsely charged with crimes.

On March 29, 2011, Defendant James Forsythe filed a motion to dismiss (Dkt. #18).  On April 5, 2011, Plaintiff filed his motion for summary judgment (Dkt. #19).  On April 11, 2011, Forsythe and the City filed responses to Plaintiff's motion for summary judgment (Dkt. #20, #21). On April 18, 2011, Forsythe filed an amended motion to dismiss (Dkt. #22).  Plaintiff failed to file a response to the Amended Motion to Dismiss.  The Court ordered Plaintiff to file a response on or before June 16, 2011 (Dkt. #38).  No response was filed and on September 13, 2011 Forsythe was

dismissed (Dkt. #44).  The Court denied Plaintiff's request for summary judgment (Dkt. #28, #39).  The State of Texas has also been dismissed (Dkt. #29, #40).  On December 13, 2011, the City filed its motion to dismiss, or in the alternative, motion for summary judgment (Dkt. #54).  Plaintiff filed a response on January 11, 2012 (Dkt. #55).  On January 27, 2012, the City filed a reply (Dkt. #56)..

The City moves to dismiss pursuant to Rules 4(m) and 4(j).  Essentially, the City asserts that Plaintiff failed to obtain proper service within the 120 days mandated by the Rules.  The Court agrees, and the City's Motion to Dismiss should be granted.

Given the finding that service was not proper, this Court is now faced with whether dismissal is warranted.  If a plaintiff has not effected proper service within 120 days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service.  FED. R. CIV. P. 4(m); *See, e.g., Grant-Brooks v. Nationscredit Home Equity Servs.*, No. 3:01-CV-2327, 2002 WL 424566, at *4-5 (N.D. Tex. March 15, 2002) (quashing service of process but denying motion to dismiss because 120-day time period to serve defendant had not expired).  Here, more than 120 days have passed since the filing of Plaintiff's complaint, and proper service has apparently never been properly made.

Upon a showing of good cause for the failure of service, the Court must extend the time for service.  FED. R. CIV. P. 4(m).  Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  Plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.*  In this case, Plaintiff does not offer good cause.

2

The City also moves to dismiss under Rule 12(b)(4) and 12(b)(5) for insufficiency of process and for insufficiency of service of process.  In recommending denial of Plaintiff's request for default the Court noted that Plaintiff failed to properly serve the City.  The Court founds as follows:

> Furthermore, in the City's response to the Plaintiff's motion, filed by special appearance, the City indicates that proper service has not taken place.  Plaintiff has not completed service on the mayor, clerk, secretary or treasurer as required by Texas law. The City also points out that Plaintiff is the one that attempted service, which is also not proper.  Defendant Forsythe also raises similar deficiencies in service.  Based upon these facts, Plaintiff is not entitled to default judgment at this time (Dkt. #28).

Federal Rule of Civil Procedure 4(j)(2) provides that a city may be served by delivering summons to the chief executive officer or in the manner allowed by state law.  State law provides, in Section 17.024(b) of the Texas Civil Practice and Remedies Code that "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary or treasurer."  In this case, the mayor, clerk, secretary, treasurer, or chief executive officer have not been served by Plaintiff. Proper service cannot be made by serving another city employee's or by failing to name an officer and just address the "City of Plano."

Plaintiff indicated the following on the executed returned summons: "I served the summons on (name of individual) City of Plano, who is designated by law to accept service of process on behalf of (name of organization) City of Plano on March 7, 2011". Plaintiff failed to serve an individual qualified by law to receive service on behalf of the City of Plano, being the mayor, clerk, secretary, treasurer or chief executive officer.  Plaintiff's proof of service and certified mail envelop were not addressed to any office or officeholder of the City. They were only addressed to "City of Plano."  The executed returned summons further shows that it was signed for by Leslie Unterburger on March 7, 2011. Leslie Unterburger is a mail room clerk for the City of Plano and does not hold

any of the offices authorized to accept service.  Furthermore, Plaintiff did not comply with the Texas Rules because he personally executed the returned summons indicating himself as the "server" who sent the certified mail and not the clerk of the court.  Therefore, service has not been properly made upon the City and the City's motion should also be granted on this basis.

The City also moves to dismiss under Rule 12(b)(6).  The City asserts that Plaintiff cannot meet the required pleading and proof necessary for his 42 U.S.C. § 1983 claims.   The City argues that Plaintiff can show no unconstitutional policy or custom.

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6)

motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."
*Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme
Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to
dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief
that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937,
1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is
entitled to relief.'" *Id*.

    In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of
a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory
allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth."
*Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint]
to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for
enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary
claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will
"be a context-specific task that requires the reviewing court to draw on its judicial experience and
common sense." *Iqbal*, 129 S.Ct. at 1950.

    In determining whether to grant a motion to dismiss, a district court may generally not "go
outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When

ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

"[R]espondeat superior does not apply to municipalities for claims under § 1983." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). In order to hold the City liable under Section 1983, Plaintiff must establish that the "execution of [the City's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* "The plaintiff can prove the existence of a municipal policy through, *inter alia*, the actions of the municipality's legislative body or an individual with final decision making authority." *Id.* "The plaintiff can also prove the existence of a municipal custom by pointing to a 'persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Id.* In other words, to prove a policy or practice that violates, a plaintiff must show "(1) the local government or official promulgated a policy; (2) the decision displayed 'deliberate indifference' and proved the government's culpability; and (3) the policy decision lead to the particular injury." *In re*

*Foust*, 310 F.3d 849, 861 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff does not identify or describe any specific policy or custom of the City that inflicted an injury on Plaintiff.  Plaintiff does not identify any particular custom or policy of the City upon which Plaintiff seeks to impose liability.  Plaintiff does not assert that the actions taken by the Defendants were a widespread custom followed by every employee in the City.  In the opinion of the Court, these allegations are simply conclusory and do not provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949. There are no specific factual allegations regarding any conduct on the part of any City employee to reveal a "persistent, widespread practice."  *Deville*, 567 F.3d at 170.

"[I]f a municipal officer has authority to establish final municipal policy and makes a decision or orders a course of action, the municipality may be held liable for the officer's decision or order."  *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-82 (1986)).  However, Plaintiff must still allege the policy or custom that the policy maker is alleged to have carried out in violation of Plaintiff's rights, which Plaintiff has failed to do.  *See Deville*, 567 F.3d at 170.  It is not clear from the Amended Complaint what policy or action the City is accused of taking that deprived Plaintiff of any constitutional rights. "Generally, a plaintiff must identify a policy or custom that gave rise to the plaintiff's injury before he may prevail."  *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006) (citing *Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Plaintiff also fails to identify, or even allege the existence of, a policymaker who is

7

responsible for the City's alleged unconstitutional policy, custom or practice.  *See Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  Nowhere in the Amended Complaint is a person or group of persons alleged to have been the final policymaker of the City.  There also is no allegation that any final policymaker or policymaking body adopted an unconstitutional policy or practice which resulted from the decision or acquiescence of the policymaker.  Furthermore, Plaintiff has not alleged facts from which a reasonable inference arises that any policy or custom of the City was the moving force behind the harm allegedly perpetrated upon Plaintiff.

The State of Texas has adopted laws regulating traffic and operation of motor vehicles, and the City enforces those laws. Plaintiff cannot show that the City, through its enforcement, has any policy or custom involving the deprivation of rights alleged by Plaintiff.  There are no factual allegations that Forsythe committed any constitutional violation against Plaintiff. Based on the foregoing, the Court finds the Plaintiff's claims against the City under 42 U.S.C. § 1983 should be dismissed.

The City also asserts that Plaintiff's claims, even if properly pleaded, would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* involved a lawsuit filed pursuant to section 1983 in which a finding in the plaintiff's favor would have implied that a state criminal conviction was invalid.  *Heck*, 512 U.S. at 487.  As a result, when damages are sought in a civil rights lawsuit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence.  *Id*.  If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id*.  If,

8

however, the Court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the conviction or sentence, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

Plaintiff was issued four citations by Forsythe. Two were dismissed by the municipal court and Plaintiff was convicted of turning left from the wrong lane and of not possessing a Texas driver's license. Plaintiff failed to comply with the municipal court's judgment. A warrant was issued for Plaintiff's arrest. Subsequently, Plaintiff, or someone acting on behalf of Plaintiff, paid the outstanding balance on the citations. Plaintiff has not appealed his citation convictions or otherwise contested the validity of his convictions and therefore cannot show that his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254.  If Plaintiff prevailed on his civil claims in this case, it would necessarily imply the invalidity of his convictions.  Therefore, Plaintiff's claims would be barred under the United States Supreme Court's doctrine set forth in *Heck*.

### RECOMMENDATION

It is recommended that Defendant City of Plano's Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. #54) should be GRANTED and all of Plaintiff's claims should be DISMISSED with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.

§ 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 3rd day of February, 2012.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE